UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
BROWARD TRANSITIONAL CENTER
POMPANO BEACH, FLORIDA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | |
| HERNANDEZ STAUFERT, CARLOS T. ) | |
| A# 240-133-577 ) | IN REMOVAL PROCEEDINGS |
| ) | DETAINED |
| RESPONDENT ) | |

**ON BEHALF OF THE RESPONDENT**
Roberta Deutsch, Esquire
Law Office of Roberta M. Deutsch, LLC
1800 Corporate Blvd. N.W., Suite 310
Boca Raton, Florida 33431

**ON BEHALF OF THE DEPARTMENT**
Evagelia Solomos, Assistant Chief Counsel
U.S. Department of Homeland Security
3900 North Powerline Road
Pompano Beach, Florida 33073

**ORDER ON THE DEPARTMENT'S MOTION TO RECONSIDER AND RESPONDENT'S MOTION TO STRIKE TESTIMONY**

I.   PROCEDURAL HISTORY

Carlos T. Hernandez Staufert (Respondent) is a twenty-seven-year-old native and citizen of the United States and citizen of Mexico. On September 17, 2022, Respondent was encountered by Customs and Border Protection Officers when he presented his United States Passport for re-entry into the United States following a cruise abroad. See Exh. 1. On September 21, 2022, the Department of Homeland Security (Department or DHS) detained Respondent and personally served him with a Notice to Appear (NTA) alleging that he is not a citizen of the United States, but is instead a native and citizen of Mexico. Id. The Department further alleged that Respondent falsely presented himself to be a U.S. citizen by presenting a fraudulently obtained U.S. passport to immigration officials. Id.  Based on these allegations, the Department charged Respondent as inadmissible under INA §§ 212(a)(6)(C)(i) (alien who by fraud seeks to procure a benefit under the Act), 212(a)(6)(C)(ii) (alien who falsely represented himself to be a United States citizen), and 212(a)(7)(A)(i)(I) (immigrant not in possession of a valid visa or travel card). Id.

On September 29, 2022, Respondent, through counsel, filed a Motion to Terminate proceedings, stating that Respondent is a United States citizen and thus, this Court has no jurisdiction to conduct removal proceedings. See Respondent's Motion to Terminate (hereinafter "Respondent's Motion to Terminate") (Sept. 29, 2022). On October 11, 2022, the Department filed an Opposition to Respondent's Motion to Terminate, stating that Respondent was not born in the United States but was actually born in Mexico and is not a U.S. citizen. See Department's Opposition to Respondent's Motion to Terminate (Oct. 11, 2022).

1

On October 14, 2022, the Court conducted a contested charge master calendar hearing. On that day, the Court heard testimony from Respondent and his mother, and at the conclusion of testimony, determined that the Department had failed to meet their burden of establishing the alienage of Respondent. To the contrary, the Court found that the evidence establishes that Respondent was born a United States citizen in Ogden, Utah and is also a citizen of Mexico. Specifically, the Court found that the evidence of record established that Respondent was born in Ogden, Utah on April 1, 1995. His birth was registered in both the United States and Mexico. The Court notes that Respondent's mother testified to the details surrounding Respondent's birth and likewise presented evidence that she was physically present in the United States on his birth date. Accordingly, the Court granted Respondent's Motion to Terminate Removal Proceedings, finding that the Department had not met its burden to establish by clear and convincing evidence that Respondent is an alien. See IJ Order (Oct. 18, 2022).

On October 18, 2022, the Department filed a Motion to Reconsider. See Department's Motion to Reconsider Termination (Oct. 18, 2022). On October 28, 2022, Respondent filed a reply to the Department's Motion. See Respondent's Response to and Motion to Strike Motion to Reconsider Termination; Motion to Dismiss Amended Notice to Appear and Terminate Proceedings with Prejudice and Order Respondent's Release from Unlawful Detention (Oct. 28, 2022). The Court hereby issues this decision to memorialize its findings (hereinafter "Respondent's Response to Motion to Reconsider").

## II. CREDIBILITY

The Court found both Respondent and his mother to be credible and persuasive during the October 14, 2022 contested master calendar hearing. The Respondent and his mother each testified consistently with one another, and with the documentary evidence in this case. Moreover, the testimonies of both witnesses were direct, thorough, and plausible. While the Court notes that the burden of proof is on the Department to establish alienage, and thus, Respondent's credibility is not at issue here; it finds it important to note that both witnesses were credible and the Department failed to meet their burden of establishing alienage through examination of Respondent and his mother.

## III. THE DEPARTMENT'S MOTION TO RECONSIDER

The Court may upon its own motion at any time, or upon the motion of DHS or the alien, reconsider any case in which he has made a decision, unless jurisdiction is vested with the Board of Immigration Appeals. 8 C.F.R. § 1003.23(b)(1). To prevail on a motion to reconsider, the movant must specify the errors of fact or law in the IJ's prior decision and support his assertions with pertinent authority. See § 240(c)(6)(C) of the Immigration and Nationality Act [hereinafter "Act"]; 8 C.F.R. § 1003.23(b)(2). A motion to reconsider is a request that a decision be re-examined in light of additional legal arguments, a change of law, or an argument or aspect of the case that was overlooked. See Matter of O-S-G-, 24 I&N Dec. 56, 57 (BIA 2006).

Only one motion to reconsider a decision that the "non-citizen" is removable is permitted and it must be submitted to the Court within thirty days of the date of the final administrative order of removal. § 240(c)(6)(A), (B) of the Act; 8 C.F.R. § 1003.23(2). In certain "exceptional cases," the principle of equitable tolling, which permits the Court to grant motions to reconsider filed after the established filing period, may apply. Avila-Santoyo v. U.S. Att'y Gen., 713 F.3d 1357, 1363

(11th Cir. 2013); see also 8 C.F.R. § 1003.23(b)(1).  Equitable tolling is only appropriate when an non-citizen shows "that he has been pursuing his rights diligently, and . . . that some extraordinary circumstance stood in his way." Avila-Santoyo, 713 F.3d at 1363 n.5 (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).  Furthermore, the Court has discretion to reconsider proceedings *sua sponte*, although this authority "is not meant to be used as a general cure for filing defects or to otherwise circumvent the regulations, where enforcing them might result in hardship." Matter of J-J-, 21 I&N Dec. 976, 984 (BIA 1997); see 8 C.F.R. § 1003.23(b)(1).  Reconsidering proceedings *sua sponte* should only occur in "exceptional situations." J-J-, 21 I&N Dec. at 984.  However, a motion to reconsider may be denied on discretion alone.  8 C.F.R. §§ 1003.2(a), 1003.23(b)(3); Al Najjar v. Ashcroft, 257 F.3d 1262, 1302 (11th Cir. 2001).

Here, the Court issued its oral decision granting Respondent's Motion to Terminate on October 14, 2022.  See also IJ Order (Oct. 18, 2022). The Court noted that the Department bears the initial burden of proving alienage, and failed to establish that Respondent is an alien of the United States. United States ex rel. Bilokumsky v. Tod, 263 U.S. 149, 153 (1923) ("It is true that alienage is a jurisdictional fact; and that an order of deportation must be predicated upon a finding of that fact. It is true that the burden of proving alienage rests upon the Government."); see also INA § 240(a)(1) ("IJs shall determine whether 'an alien' is inadmissible or deportable. It therefore remains the government's burden to first establish the court's jurisdiction by proving that the person in court is, in fact, 'an alien.'"). Based on the record of evidence, including the testimony of Respondent's mother, Respondent's U.S. birth certificate and passport, and family affidavits attesting to Respondent's U.S. birth, the Court found that Respondent was not an alien (non-citizen), but rather a dual citizen of both the United States and Mexico, and terminated removal proceedings without prejudice. See Exh. 6.

On October 18, 2022, the Department filed a Motion to Reconsider the Court's decision to terminate proceedings, arguing that new evidence was discovered that uncovered an error in the IJ's decision. See Department's Motion to Reconsider. Specifically, the Department presented entry and exit records of Respondent's mother, that it contended prove that Respondent's mother was not present in the United States on April 1, 1995 — the date of Respondents birth. Id. The Department claimed that Respondent's mother's most recent entry into the United States before Respondent's birth was on May 4, 1994, that she exited the Country on May 28, 1994, and did not return to the United States until May 20, 1995— approximately one month after Respondent's birth. Id. The Department therefore argues that the newly discovered evidence establishes that Respondent's mother lied to the Court under oath and the IJ incorrectly based its decision on fraudulent testimony.

On October 28, 2022, in Respondent's response to the Department's Motion to Reconsider, Respondent's counsel filed the entirety of Respondent's mother's passport, displaying her U.S. entry stamp on January 28, 1995, approximately 3 months prior to Respondent's birth. See Respondent's Response to Motion to Reconsider. Moreover, Respondent argued that new evidence is not a basis for granting a motion to reconsider, and even if it was, the Department's alleged new evidence is inconsequential, as a complete copy of the entry and exit records of Respondent's mother shows that she was, in fact, present in the United States when she gave birth to Respondent on April 1, 1995. Id.

### IV.	FINDINGS OF THE COURT

As an initial matter, the Court notes that the entry and exit records of Respondent's mother were available to the Department on the date of the contested master calendar hearing, and thus do not form a basis for a Motion to Reconsider. Second, the Department's allegation that Respondent's mother lied under oath is not supported by the record. To the contrary, the Court found Respondent's mother to be credible, and notes that her testimony that she gave birth to Respondent while caring for her mother in Ogden, Utah is supported not only by Respondent's U.S. birth certificate, but also by her entry and exit stamps contained in her passport, which indicate she entered the United States on January 28, 1995 — less than three months prior to Respondent's birth. See Respondent's Response to Motion to Reconsider. Moreover, Respondent presented U.S. medical records in the form of vaccinations dated as early as June of 1995— only two months after Respondent's birth. See Exh. 6 at 20. The sole evidence that the Department presented to establish that Respondent was born in Mexico is a Mexican birth certificate, that the Court found inadmissible because it had not been translated. Even assuming *arguendo*, that the Mexican birth certificate is valid, the Court found that Respondent's mother credibly testified to why Respondent's birth was registered in both Mexico and the United States, despite his physical place of birth having been the United States. Specifically, Respondent's father, who was living in Mexico at the time of Respondent's birth, registered Respondent's birth in Mexico, while Respondent and his mother were still in Utah so that Respondent would obtain dual citizenship in both Mexico and the United States— a status that many Mexican citizens carry. The record of evidence supports this contention, as Respondent's mother was physically present in the United States on the date of Respondent's birth and Respondent was issued a U.S. birth certificate.

The Department alleges that fraud has been continuously carried out through Respondent's interactions with the U.S. government. While the Court acknowledges there are inaccuracies contained in visa applications submitted by Respondent's mother, it notes that such inaccuracies are not at issue here as the Department has failed to meet its initial burden of proving Respondent to be an alien (non-citizen). Moreover, Respondent's mother is not in proceedings here, and the question of fraud as it relates to Respondent is not at issue unless and until the Department first establishes that he is an alien (non-citizen). It has not done so. Therefore, the Court's finding remains that the Department has not met its burden of establishing, by clear and convincing evidence, that Respondent is an non-citizen. As such, its decision terminating Respondent's removal proceedings will not be disrupted because the Court does not have jurisdiction to remove a United States' citizen. Accordingly, the Court hereby denies the Department's Motion to Reconsider.

In light of the foregoing, the Court enters the following order:

### ORDER OF THE IMMIGRATION JUDGE

**IT IS HEREBY ORDERED** that Department's Motion to Reconsider be **DENIED;**

**IT IS HEREBY FURTHER ORDERED** that Respondent's Motion to Strike Respondent's testimony is **DENIED as moot.**
.

**DATED** this 15th day of November, 2022.

                                                                                                **Stuart A. Siegel**
                                                                                                 Immigration Judge

Appeal due: **December 15, 2022**

## Order of the Immigration Judge

*Stuart A. Siegel* (signature)

Immigration Judge: Stuart A. Siegel  11/15/2022

## Certificate of Service

This document was served:
Via: [ M ] Mail | [ P ] Personal Service | [ E ] Electronic Service
To: [  ] Noncitizen | [  ] Noncitizen c/o custodial officer | [ E ] Noncitizen atty/rep. | [ E ] DHS
Respondent Name : HERNANDEZ STAUFERT, CARLOS TONATIUH | A-Number :240133577
Riders:

Date:  11/15/2022  By:  Maxine Armstrong, Court Staff