IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:22-cv-62201-WPD

CARLOS TONATIUH HERNANDEZ, JR., a/k/a )
CARLOS TONATIUH HERNANDEZ STAUFERT )
)
    Plaintiff, )
v. )
)
MICHAEL W. MEADE, District Director )
Miami Field Office )
U.S. Immigration and Customs Enforcement )
U.S. Department of Homeland Security )
in his Official Capacity and his successors and assigns, )
)
CYNTHIA LAWSON, Warden )
Broward Transitional Center, Individually and )
in her official capacity and her successors and assigns, )
)
ALEJANDRO MAYORKAS, Secretary )
U.S. Department of Homeland Security, )
in his official capacity and his successors and assigns, )
)
TAE D. JOHNSON, Acting Director )
U.S. Immigration and Customs Enforcement )
in his official capacity and his successors and assigns, )
)
ANTHONY BLINKEN, Secretary )
U.S. Department of State )
in his official capacity, and his successors and assigns )
)
MERRICK GARLAND, Attorney General )
U.S. Department of Justice, in his official capacity )
and his successors and assigns, )
)
NELSON PEREZ, Chief Counsel, )
Office of the Principal Legal Advisor, Individually and )
in his official capacity and his successors and assigns )
)
ERIC AURELIAS, Acting Chief Counsel, )
Office of the Principal Legal Advisor, Individually and )
in his official capacity and his successors and assigns )

| | |
|---|---|
| **CARLOS LOPEZ,** Deputy Chief Counsel, | ) |
| Office of the Principal Legal Advisor, Individually and | ) |
| in his official capacity and his successors and assigns | ) |
| | ) |
| **ARTHUR MCLAUGHLIN,** U.S. Immigration and | ) |
| Customs Enforcement, Department of Homeland | ) |
| Security, Individually and in his official capacity and | ) |
| his successors and assigns | ) |
| | ) |
| **MITCHELL DIAZ,** U.S. Immigration and Customs | ) |
| Enforcement, Department of Homeland Security, | ) |
| Individually and in his official capacity and his | ) |
| successors and assigns, | ) |
| | ) |
| **TOMMY TOWNER,.** Special Agent, U.S. Department of | ) |
| State Diplomatic Security Service, Individually and in | ) |
| his official capacity and his successors and assigns; and | ) |
| | ) |
| **EVEGELIA SOLOMOS,** Individually and | ) |
| in her official capacity and her successors and assigns | ) |
| | ) |
| Respondents. | ) |
| | ) |

**PLAINTIFFS' MOTION FOR LEAVE TO AMEND
TO FILE SECOND AMENDED PETITION FOR WRIT OF HABEAS CORPUS,
FOR RELIEF UNDER 28 U.S.C §2201 and 28 U.S.C. §1503
AND FOR DAMAGES**

The Plaintiff, **CARLOS TONATIUH HERNANDEZ, JR., a/k/a CARLOS TONATIUH HERNANDEZ STAUFERT,** through his undersigned counsel and pursuant to Local Rule 15 and 7.1 and Rule 15, Fed. R. Civ. P., file this his Motion for Leave to Amend to File a Second Amended Petition for Writ of Habeas Colrpus, for Relief under 28 U.S.C. §2201 and for Damages in this matter, and in support, and for good cause, state as follows:

The Plaintiff filed his Petition for Writ of Habeas Corpus, for Declaratory Relief under 28 U.S.C. §2201 and for Damages Under the Federal Tort Claims Act, 28 U.S.C. §2671-2680

2

against the Respondents on November 22, 2022 (the "Petition").  Plaintiff amended his Petition on November 30, 2022.  On June 30, 2023, the parties appeared in Court for the Defendant's Motion to Dismiss, and an Order Granting in Part and Denying in Part was entered on July 5, 2023.  The Court dismissed Petitioner's claims under the Federal Tort Claims Act, and those under 28 U.S.C. §242, and the requests for Declaratory Relief over matters that were not ripe, or were moot.

Based upon the Order, the Petitioner requires leave to amend to include in the named parties two of the Respondents named in the style, Carlos Lopez and Eric Aurelias, Deputy Chief Counsel and Acting Chief Counsel Office of the Principal Legal Advisor (OPLA) for the Miami Field Location of the Department of Homeland Security, respectively, who were unintentionally omitted in the identification of the parties to this action.

Petitioner also seeks leave to attach documents which were noted by the Court to be missing from the Petition, some of which would inform the Court in its review, and some which would permit the Court to exercise jurisdiction where it previously declined to do so.

Since the filing of the Petition, the facts of this case have evolved, requiring amendment. In its Order, the Court noted that some matters raised were not ripe, and some were moot, for example, the Petitioner is no longer fitted with an ankle bracelet.  Nevertheless, the Court has recognized that Petitioner remains "in custody."  Petitioner remains under an Order of Release on Recognizance, which is a program specifically designed for aliens.  The Order of the Immigration Judge, entered orally after an extended Master Calendar on October 14, 2022, and then in writing on October 18, 2022, a form order which will be attached to the Second Amended Petition as an exhibit, reflects that the proceedings were terminated when the Office of the Chief

Counsel was unable to meet its burden of proof to establish that the Petitioner was an alien and removal proceedings were appropriate. When this threshhold burden was not met, the proceedings were required to be terminated, as removal proceedings were inappropriate, and the Notice to Appear, which was the arrest warrant, was nullified. Any claim that the Respondents had to a right to limit the Petitioner's freedoms and keep him in custody, was at that time nullified.

Petitioner has identified documents which document the Respondents' interference with the Petitioner's property rights which are protected under the Fifth Amendment over which the Court has exercised jurisdiction for violations of his Constitutional Rights as presenting a Federal Question. Specifically, Petitioner has identified documents in the immigration file which reflect the Respondents' interference with his Texas Driver's License and his Utah Birth Certificate, making both of these issues ripe for consideration by the Court where they were not identified as such in the original Petition. However, the interference, requesting the agencies to revoke the driver's license and the Birth Certificate, also created a situation where the Petitioner is unable to avail himself of an adequate alternative remedy in 28 U.S.C. §1503 to obtain the return of his passport, or to obtain a new passport, as the Respondents have by their actions, eliminated his United States identity.

Importantly, these documents, and other documents are evidence in support of the Petitioner's overriding claim in this proceeding, that the "investigation," into the Petitioner, and his arrest and confinement for 59 days at Broward Transitional Center was not appropriate under the facts of the case as it was based on an untranslated document which, when translated, was identified as "devoid of probative value and shall be considered as forged." Further, these

documents are evidence that the "issue" of the Petitioner's citizenship did **not** arise in connection with removal proceedings.  It is clear that the Petitioner's citizenship was flagged as an "issue" by the Passport Agency that issued his United States Passport on October 23, 2014, and that his citizenship was challenged by the Department of State Diplomatic Security Services at that time.  Although it apparently lay dormant for eight years, Petitioner's citizenship was an "issue" on April 21, 2022 when the Department of State Diplomatic Security Services sent letters to the State of Utah seeking to revoke Petitioner's United States Birth Certificate and to the Texas Department of Motor Vehicles, seeking to revoke his Texas Driver's License.  These actions were taken after, and notwithstanding, review by the United States Attorney in San Antonio, Texas reviewing the "issue" of the Petitioner's citizenship put forth by the Department of State Diplomatic Security Services, and then declining to prosecute.  Removal proceedings, and the revocation of his passport, came much later, and were by-products of an ongoing "issue" flagged by the Department of State of State Diplomatic Security Services back in 2014.  The "issue" of Petitioner's citizenship did not arise in connection with removal proceedings, as it preceded the removal proceedings by eight years.  Therefore, 8 U.S.C. §1503 is not applicable on the facts of this case, and the relief requested by the Petitioner, of reinstatement of his United States Passport, is within the jurisdiction of this Court under 28 U.S.C. §2201.

  The Court dismissed Petitioner's claim under the Federal Tort Claims Act for failure to provide six months within which the agency would review Petitioner's claim and providing a response.  Petitioner has deleted the claim and count from the Second Amended Petition, but will serve the Respondents as required and after six months, will move to amend his Petition to assert his otherwise proper claim for damages against the Respondents, individually.

As presently constituted, the Second Amended Petition accurately sets forth the Plaintiffs' claims with precision, clarifies the specific statutes which Plaintiffs allege that the defendants violated, and more accurately identifies the issues to be tried in this cause. This Motion is filed now, rather than as a motion to conform the pleadings to the evidence, as would otherwise be necessary prior to trial, in the interests of economy and efficiency.

Under Rule 15, Fed. R. Civ. P., leave shall be granted freely, in the interest of justice. No prejudice will result to any of the defendants if this motion is granted, but prejudice will result to the Plaintiffs if it is not.

A copy of the proposed Second Amended Petition for Writ of Habeas Corpus, for Relief Under 28 U.S.C. §2201 and §1503, and for Damages is attached to this Motion for Leave to Amend.

Pursuant to Local Rule 7.1, counsel has contacted the Assistant United States Attorney assigned to this case and advised of her intention to file this Motion for Leave to Amend Petition, but the parties were unable to reach an agreement.

## MEMORANDUM OF LAW

Rule 15(a) reflects a policy of "liberally permitting amendments" and absent a "substantial reason to deny leave to amend" a plaintiffs' request should be granted. *Espey v. Wainwright*, 734 F. 3d 748, 750 (11th Cir. 1984). Rule 15, Fed. R. Civ. P., provides that leave to amend pleadings "shall be freely given when justice so requires.

> [T]his mandate is to be heeded. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the

6

> opposing party by virtue of allowance of the amendment, etc. – the leave sought should, as the rules require, be freely given.

*Forman v. Davis*, 371 U.S. 178, 182 (1962) (citation omitted). It is within the discretion of the court to grant the request for an amended complaint. *Id*., see also *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971). "Although the decision whether to grant leave is within the discretion of the district court, the rule contemplates that leave shall be granted unless there is a substantial reason to deny it." *Halliburton & Assocs., Inc. v. Henderson, Few & Co.*, 774 F. 2d 441, 443 (11t6 Cir. 1985) (citing *Espey v. Wainwright*, 734 F. 2d 748, 750 (11th Cir. 1984) (the policy of liberally permitting amendments under Rule 15(a) to facilitate determinations of claims on the merits circumscribes the trial court's discretion).

The interests of justice will be served by permitting the Plaintiffs to file their Second Amended Complaint, and no prejudice will result to the defendants of record if leave is granted. This is a case squarely within the ambit of Rule 15(a), Fed. R. Civ. P. In this case, there is no bad faith, and no dilatory motive on the part of the Plaintiffs. The amendment will address concerns of the Court regarding documents that were not provided, and the inability to exercise jurisdiction over matters which are moot, and those which are not ripe.

There is no prejudice that will result to the defendants if this amendment is permitted;.however, the Plaintiffs will be prejudiced if it is not permitted. Permitting amendment now to more specifically identify the statutes governing the factual allegations of the Plaintiffs and the issues to be tried will reduce the likelihood that the complaint may have to be amended to conform to the evidence as it is received prior to trial. Permitting amendment now prior to the entry of the Scheduling Order will assist in streamlining discovery.

As Rule 15(a) contemplates that leave to amend shall be granted freely in the interests of

justice, and the interests of justice will be served by the filing of the Plaintiffs' Second Amended Petition, the Plaintiffs respectfully requests that this Honorable Court grant their Motion for Leave to File Second Amended Petition, as of the date that it was filed, on April 26, 2019.

                        Respectfully submitted,

                        **ROBERTA M. DEUTSCH, LLC**
                        Attorney for Plaintiffs
                        Glades Corporate Center, Suite 310
                        1800 Corporate Blvd., N.W.
                        Boca Raton, Florida 33431
                        Telephone:     (561) 368-1008
                        Facsimile: (561) 368-1009
                        Email: robertadeutsch@aol.com


                        By:____/s/ Roberta M. Deutsch____
                              **ROBERTA M. DEUTSCH**
                              FBN: 743828

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was electronically filed and served through EM/ECF upon Kelsi Romero, Assistant U.S. Attorney, at kelsi.romero@usdoj.gov, this 12th day of July, 2023.


                        By:____/s/ Roberta M. Deutsch____
                              **ROBERTA M. DEUTSCH**
                              FBN: 743828