

**U.S. Department of Justice**

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*



5107 Leesburg Pike, Suite 2000
Falls Church, Virginia 22041

**Deutsch, Roberta Marcia**
**Roberta M. Deutsch, LLC**
**1800 Corporate Blvd NW  Suite 310**
**Boca Raton  FL  33431**

**DHS/ICE Office of Chief Counsel - KRO**
**18201 SW 12th St.**
**Miami FL 33194**

Name: **HERNANDEZ STAUFERT, CARLO**   A 240-133-577

Date of this Notice:   7/28/2023

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Sincerely,



Donna Carr
Chief Clerk

Enclosure

Userteam:   Docket



**U.S. Department of Justice**

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

5107 Leesburg Pike, Suite 2000
Falls Church, Virginia 22041

| | |
|---|---|
| **HERNANDEZ STAUFERT, CARLOS TO**<br>A 240133577<br>3141 ISABELLA ST<br>SIOUX CITY IA 51103 | **DHS/ICE Office of Chief Counsel - KRO**<br>**18201 SW 12th St.**<br>**Miami FL 33194** |

**Name:** HERNANDEZ STAUFERT, CARLO    A 240-133-577

**Date of this Notice:**    7/28/2023

Enclosed is a copy of the Board's decision in the above-referenced case. This copy is being provided to you as a courtesy. Your attorney or representative has been served with this decision pursuant to 8 C.F.R. § 1292.5(a). If the attached decision orders that you be removed from the United States or affirms an Immigration Judge's decision ordering that you be removed, any petition for review of the attached decision must be filed with and received by the appropriate court of appeals within 30 days of the date of the decision.

Sincerely,

*Donna Carr*

Donna Carr
Chief Clerk

Enclosure

Userteam:  Docket

NOT FOR PUBLICATION

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

---

MATTER OF:

Carlos Tonatiuh HERNANDEZ STAUFERT, A240-133-577

Respondent

**FILED**
Jul 28, 2023

---

ON BEHALF OF RESPONDENT: Roberta M. Deutsch, Esquire

ON BEHALF OF DHS: Evagelia S. Solomos, Assistant Chief Counsel

IN REMOVAL PROCEEDINGS
On Appeal from a Decision of the Immigration Court, Pompano Beach, FL

Before: Malphrus, Deputy Chief Appellate Immigration Judge; Liebowitz, Appellate Immigration Judge; Noferi, Temporary Appellate Immigration Judge[1]

Opinion by Appellate Immigration Judge Liebowitz

LIEBOWITZ, Appellate Immigration Judge

The Department of Homeland Security ("DHS") appeals the October 14, 2022, decision of the Immigration Judge granting the respondent's motion to terminate.[2] The DHS submitted a brief in support of the appeal and supplemental filings.[3] The respondent submitted a brief in opposition to the appeal and supplemental filings. The record will be remanded.

We review the findings of fact, including the determination of credibility, made by the Immigration Judge under the "clearly erroneous" standard. 8 C.F.R. § 1003.1(d)(3)(i). We review all other issues, including issues of law, discretion, or judgment, under a de novo standard. 8 C.F.R. § 1003.1(d)(3)(ii).

We assume the parties' familiarity with the procedural history of this case and the full evidentiary record. The respondent asserted below that he is a dual citizen of the United States

---

[1] Temporary Appellate Immigration Judges sit pursuant to appointment by the Attorney General. *See generally* 8 C.F.R. § 1003.1(a)(1), (4).

[2] The Immigration Judge issued an amended order on October 19, 2022.

[3] Prior to DHS filing the notice of appeal with the Board on November 15, 2022, DHS filed a motion to reconsider with the Immigration Court. The Immigration Judge denied DHS' motion to reconsider on November 15, 2022. DHS' notice of appeal appears to have been filed after the Immigration Judge issued his decision on November 15, 2022 (Form EOIR-26). We have considered the entire record in reaching our decision.

A240-133-577

and Mexico and was born in the United States (Tr. at 71). DHS submitted a copy of a Mexican birth certificate to demonstrate that the respondent was a citizen of Mexico and was not born in the United States (DHS Notice of Filing, Sept. 30, 2022, Exh. 3). The Immigration Judge found that the respondent's mother testified credibly regarding the circumstances of the respondent's birth and determined that the respondent satisfied his burden of proof that he was born in the United States (IJ at 10-11, Oct. 14, 2022). The Immigration Judge affirmed this determination after considering DHS' motion to reconsider (IJ Dec., Nov. 15, 2022).

Along with its arguments, DHS has submitted additional evidence on appeal. The new evidence includes: U.S. travel records, the complete Department of State, Diplomatic Security Service investigative report, the respondent's birth certificates, the respondent's sister's birth certificates and passport application, the respondent's I-94 records, and a comparative handwriting analysis (DHS Notice of Appeal, Form EOIR-26 and supporting evidence, Nov. 15, 2022; DHS Supplemental Filing, March 17, 2023).[4] We construe DHS' submissions of evidence during the appeal as a motion to remand. A motion to remand must meet the same standards as a motion to reopen. *Matter of L-A-C-*, 26 I&N Dec. 516, 526 (BIA 2015). For remand to be warranted, the movant must establish the existence of material evidence that is new or previously unavailable such that it could not have been discovered or presented at the time of the hearing. *See INS v. Abudu*, 485 U.S. 94, 104-05 (1988); *Matter of Coelho*, 20 I&N Dec. 464, 472-73 (BIA 1992); 8 C.F.R § 1003.2(c)(1).

The respondent's sister's birth certificates and passport application, and the comparative handwriting analysis are material to this case (DHS Notice of Appeal, Form EOIR-26 and supporting evidence, Nov. 15, 2022; DHS Supplemental Filing, March 17, 2023; DHS Br. at 2, 6-7). We have considered the respondent's argument that DHS had sufficient opportunity to submit evidence in Immigration Court (Respondent's Motion to Strike Reference to Individuals, Matters and Evidence Not Introduced at Hearings Below in Appellant's Brief, March 17, 2023). However, DHS persuasively argues that it was not provided with notice that the respondent's mother would testify, and that evidence obtained in response to the respondent's mother's testimony and affidavit could not have been presented at the hearing in Immigration Court (Tr. at 26, 110; DHS Br. at 33-34; Respondent's Response to DHS' Second Supplemental Filing, Nov. 9, 2022). Under the circumstances in this case, including the gravity of citizenship status and the nature of the evidence at issue, we conclude that a remand is appropriate. On remand, both parties should be allowed to update the evidentiary record and the Immigration Judge should render a new decision after consideration of all evidence of record and arguments.

Both parties argue that the Immigration Judge erred in his allocation of the burden of proof. In these proceedings, the government has the burden of demonstrating alienage by clear and convincing evidence. *See U.S. ex rel. Bilokumsky v. Tod*, 263 U.S. 149, 153 (1923) (holding that alienage is a jurisdictional fact and that the burden of proving alienage rests on the government);

---

[4] We note that evidence purporting to be the respondent's sister's Mexican birth certificate is untranslated (DHS Supplemental Filing, March 17, 2023). The DHS must ensure on remand that all evidence is properly and timely submitted, or it risks rejection of that evidence by the Immigration Judge. *See* 8 C.F.R. § 1003.33 (discussing requirements for translation of documents).

A240-133-577

*Matter of Guevara*, 20 I&N Dec. 238, 242 (BIA 1990, 1991). Evidence of a foreign birth gives rise to a rebuttable presumption of alienage, shifting the burden to the respondent to come forward with evidence to substantiate his citizenship claim by a preponderance of the evidence. *See Matter of Cross,* 26 I&N Dec. 485, 486-87 n.2 (BIA 2015) (citing *Matter of Rodriguez-Tejedor,* 23 I&N Dec. 153, 164 (BIA 2001)); *Matter of Tijerina-Villarreal,* 13 I&N Dec. 327, 332 (BIA 1969) (finding a preponderance of credible evidence is necessary to overcome the presumption of alienage which attaches by reason of foreign birth). On remand, the Immigration Judge should apply this burden of proof considering the entire evidence of record, and the parties may make related arguments as appropriate.

Otherwise, the Immigration Judge may take any action he deems appropriate and necessary to resolve the respondent's case. Due our disposition, we will not address the respondent's motion to strike references in the DHS' brief. In remanding, we express no opinion on the ultimate outcome of the proceedings. *See Matter of L-O-G-,* 21 I&N Dec. 413, 422 (BIA 1996).

Accordingly, the following order will be entered.

ORDER: The Immigration Judge's decisions are vacated, and the record is remanded for further proceedings consistent with the foregoing opinion and for the entry of a new decision.